## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Sebastian Lucido,

        Plaintiff,

v                           Civil Action No. 2:22-cv-11082

                           Judge

Wells Fargo Bank, N.A.,

        Defendant.

_____/

KIRK, HUTH, LANGE &
BADALAMENTI, PLC.
By: PATRICK S. MCKAY (P72106)
    VICTORIA L. PADULA (P85766)
Attorneys for Plaintiff
19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900
pmckay@KirkHuthLaw.com
vpadula@KirkHuthLaw.com

_____/

## **COMPLAINT AND REQUEST FOR DECLARATORY RELIEF**

NOW COMES Plaintiff, SEBASTIAN LUCIDO (hereinafter referred to as "Lucido" or "Plaintiff") by and through counsel, KIRK, HUTH, LANGE & BADALAMENTI, PLC, and brings this action for declaratory relief and remedy under Fed. Rule 15a against the above listed Defendant(s), Wells Fargo Bank, N.A., ("Wells Fargo"), for its Complaint and Request for Declaratory Relief, state as follows:

## I.      <u>PRELIMINARY STATEMENT REGARDING THIS CASE</u>

1. The Plaintiff SEBASTIAN LUCIDO, ("Lucido") or ("Plaintiff"), alleges that Defendant WELLS FARGO BANK, N.A. collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and The Michigan Regulation of Collection Practices Act ("RPCA") or ("MRPCA"), codified in computer generated communications from a financial institution's breaches of the privacy of Plaintiff, illicit communications following notice of representation by attorney, continuous and persistent harassment in collecting on disputed debt, failure to validate a debt and whose notices and responses lack meaningful review or involvement by Defendant Wells Fargo Bank as represented.

2. The Plaintiff further alleges the Defendant Wells Fargo Bank, N.A. is in violation of the Michigan Regulation of Collection Practices Act, ("MRCPA"), M.C.L. § 445.251, et seq., and the Michigan Occupational Code, M.C.L. 339.901 et seq., for its negligent and willful acts resulting in the inaccurate reporting of Plaintiff-consumer disputed debt(s).

3.  Defendant Wells Fargo Bank, N.A., has and continues in its persistent attempts to collect the alleged debt of Plaintiff Sebastian Lucido through its use of knowingly false, or reasonably should know of the consumer-disputed debt, and then using the false information in its collection and validation of

1

debts and falsely reporting to consumer collection agencies, which inaccurately reflects Plaintiff's credit score(s) available to any and all creditors, lenders, and financial institutions online and throughout the State of Michigan.

4. Defendant, financial/banking lender, considered certain accounts associated with Plaintiff's name and personal information delinquent or in default, triggering Defendant's collection tactics.

5. Plaintiff seeks statutory, actual damages and equitable and injunctive Relief in ordering Defendant Wells Fargo Bank to discharge the alleged debt attached to Plaintiff Sebastian Lucido, to produce all documentation related to the two (2) accounts associated with the debt under Plaintiff's name, along with any other accounts associated with Plaintiff, and further stopping Defendant from creating consumer reports based on inaccurate information born out of few if any, reasonable procedures and review of the information it receives from Plaintiff Lucido that it uses to create the consumer reports and sell them to target marketers.

## II. CASELAW AND CONSUMER STATUTES REGARDING THIS CASE

### A. FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

6. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (g).

7. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

8. The FDCPA applies to Defendant WELLS FARGO BANK, N.A., as a "creditor" and "debt collector" under the Act. 15 U.S.C. § 1692a (4), (6).

9. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1)-(16). Among these *per se* violations prohibited

3

by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).

10. Among the **per se** violations prohibited by the FDCPA is 15 U.S.C. § 1692b (6):

ANY DEBT COLLECTOR COMMUNICATING WITH ANY PERSON OTHER THAN THE CONSUMER FOR THE PURPOSE OF ACQUIRING LOCATION INFORMATION ABOUT THE CONSUMER SHALL[....]

(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

11. Under 15 U.S.C. § 1692c (a)(2):

(B) COMMUNICATION WITH THE CONSUMER GENERALLY.

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt— **(2)** if the debt collector **knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address**, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. (emphasis added)

12. Under 15 U.S.C. § 1692d (5):

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ***(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. (emphasis added)***

13. In 2014, 6th Circuit expanded dispute verification rules under the FDCPA with *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F. 3d 777 - Court of Appeals, 6th Circuit 2014. The *Haddad* Court announced a new standard for verification under § 1692g(b), holding that "the verification provision must be interpreted to provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation." *Haddad* at 785-786.

14. The FDCPA at 15 U.S.C. § 1692e (9), states that a debt collector may not use any false, deceptive, or misleading representation… with:

The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

15. Under 15 U.S.C. § 1692g (b),

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original

creditor, ***the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. (emphasis added)***

16. As stated above, the FDCPA provides tools for consumers to remedy abuses under the Act such as Sections 1692a, 1692b, 1692c(a), 1692d and 1692g.

## B. MICHIGAN REGULATION OF COLLECTION PRACTICES ACT ("MRCPA") AND MICHIGAN OCCUPATIONAL CODE ("MOC")

17. Two Michigan statutes regulate the practice of debt collection, namely MRCPA and MOC, being identical in nature of prohibited acts concerning the collection of consumer debts, also provide consumer protection and redressability.

18. The MOC, pursuant to M.C.L. §339.915(f)(ii), prohibits a collection agency from misrepresenting the legal rights of a creditor or debtor, including the act of calling a debtor's cell phone using an automated telephone dialing system (ATDS) without plaintiff's consent. The method and means of calling a debtor's cellular device in connection with a disputed debt is considered a misrepresentation that the collector was legally authorized to do so.

19. The MOC, pursuant to M.C.L. §339.915(h) prohibits licensees from:

Communicating with a debtor, except through billing procedure, **when the debtor is actively represented by an attorney, the attorney's name and address are known,** and the attorney has been contacted in writing by the credit grantor or the credit grantor's representative or agent, unless the attorney representing the debtor fails to answer written communication or fails to discuss the claim on its merits within 30 days after receipt of the written communication.

20. The MOC, pursuant to M.C.L. §339.915(n) prohibits licensees from:

Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor. All communications shall be made from 8 a.m. to 9 p.m. unless the debtor expressly agrees in writing to communications at another time. All telephone communications made from 9 p.m. to 8 a.m. shall be presumed to be made at an inconvenient time in the absence of facts to the contrary.

21. The MOC, pursuant to M.C.L. § 339.917(f) demands penalties for debt collector's (licensee's) for failure to preserve and make accessible books, accounts, and records under section 910(2), which provides that:

A collection agency **shall keep and use books, accounts, or records** that the department requires **to determine whether the collection agency is complying with this article and the rules promulgated under this article**. These books, accounts, and records shall include [...]

(b)(i) Records or books of accounts that include the account of each client in alphabetical order according to the names of the clients[....]

22. Recovery and award of damages to an affected consumer is appropriate under the Code at M.C.L. §339.916:

(1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this article or rules promulgated under this article, may bring an action for

damages or other equitable relief.
(2) If the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful violation, it may award a civil penalty of not less than 3 times the actual damages, or $150.00, whichever is greater and shall award reasonable attorney's fees and court costs incurred in connection with the action.

23. When there is a conflict in the protections offered to a consumer in a Michigan Statute and the Federal Statute, the FDCPA states that the debt collector must follow the Federal Statute when it offers greater protections than the conflicting State Statute:

> **§816. Relation to State laws [15 U.S.C. §1692n]**
> This title does not annul, alter, or affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency. For purposes of this section, ***a State law is not inconsistent with this title if the protection such law affords any consumer is greater than the protection provided by this title***. (emphasis added)

24. Article VI of the Constitution of the United States provides:

> This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding.
> U.S. Const. art. VI, cl. 2.

21. Only state laws which make it impossible to comply with both state and federal law (*Florida Lime & Avocado Growers, Inc. v. Paul,* 373

U.S. 132, 142-43, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963)), such as

where state law requires conduct prohibited by federal law, are

preempted.

22. Where there is "conflict preemption," which is "where state law `stands

as an obstacle to the accomplishment and execution of the full

purposes and objectives of Congress'" embodied by the federal law,

(*Gade v. National Solid Wastes*, 505 U.S. 88, 98, 112 S.Ct. 2374, 120

L.Ed.2d 73 (1992)), `[t]he purpose of Congress is the ultimate

touchstone.'" *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S.

724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985)."

25. The RCPA, like the FDCPA, prohibits debt collectors from using deceptive,

coercive, threatening, abusive, and other repugnant practices for the purpose

of collecting a consumer debt. "The RPCA mirrors the requirements and

remedies of the FDCPA with the same 6th Circuit use of the "least

sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v.*

*Mary Jane M. Elliott P.C.,* No. 07–12016–BC, 2007 WL 4326825, at *5

(E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection*

*Assocs., Inc.,* 126 B.R. 422, 426 (D.Del.1991)).

26. The State of Michigan's Regulation of Collection Practices Act (RCPA)

prohibits any "regulated person" from "[m]aking an inaccurate, misleading,

untrue, or deceptive statement or claim in a communication to collect a debt," Mich. Comp. Laws § 445.252(e), and from "[m]isrepresenting in a communication with a debtor [either] [t]he legal status of a legal action being taken or threatened [or] [t]he legal rights of the creditor or debtor," Mich. Comp. Laws §445.252(f). The RCPA defines the term "regulated person" to mean "a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency including [a]n attorney handling claims and collections on behalf of a client and in the attorney's own name." *Martin v. Trott law, P.C.*, Case No. 15-12838 (July 26, 2016).

27. The Plaintiff seeks statutory and actual damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, RCPA, and all other common law or statutory regimes.

## III.   PARTIES AND APPLICABLE STATUTES

28. The Plaintiff, SEBASTIAN LUCIDO, ("Lucido") or ("Plaintiff"), is a consumer and natural person, and at all times relevant to this complaint, resided in the County of Macomb, State of Michigan.

29. Plaintiff is a consumer and natural person as defined in 15 U.S.C. §1692a(3)

and M.C.L. § 339.901(f).

30. Conducting business in the County of Macomb, State of Michigan, Defendant WELLS FARGO BANK, N.A., is, at all times relevant to this complaint, engaged in the business of making loans of money, extends credit creating a debt, consistent with "creditor" as defined by the Michigan Occupational Code at M.C.L. §339.901(e).

31. Defendant WELLS FARGO BANK, N.A. is a "creditor" and/or "debt collector" as defined under the FDCPA.

32. WELLS FARGO BANK, N.A. is, at all times relevant to this complaint, a "regulated person" as that term is defined by the MRCPA pursuant to M.C.L. 445.251(g).

33. WELLS FARGO BANK, N.A. is, at all relevant times to this complaint, a "licensee" as defined by M.C.L. 339.901(b)(vi).

34. Defendant maintains headquarters in San Francisco, California and Manhattan, New York, and managerial offices throughout the United States and internationally.

35. Defendant is considered a financial institution as defined by FDCPA, 15 U.S.C. §6827 subsec. (4)(A), "any institution engaged in the business of providing financial services to customers who maintain a credit, deposit, trust, or other financial account or relationship with the institution."

11

36. Defendant is considered "creditor" consistent with MRCPA, "a person that offers or extends credit creating a debt or a person to which a debt is owed or due or asserted to be owed or due." M.C.L. §339.901(e).

37. Defendant is a "collection agency" as defined by the MRCPA, MCL 445.251 subsec. (1)(b).

38. Defendant maintains its headquarters located at 420 Montgomery Street, San Francisco, CA 94104, and conducts business in the State of Michigan at several locations, one being located at P.O. Box 14517, Des Moines, IA 50306.

## IV.    JURISDICTION AND VENUE

39. Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337.

40. Supplemental Jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. *Baltierra v. Orlans & Associates PC*, No. 15-cv-10008 (E.D. Mich. Oct. 7, 2015). Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

41. The factual basis of the RCPA claim is the same as the factual basis of the FDCPA claim and this district court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article

III of the United States Constitution. 28 U.S.C. § 1367(a). *Lovelace v. Stephens & Michaels Assocs., Inc.*, No. 07-10956, 2007 WL 3333019, at *2 (E.D. Mich. Nov. 9, 2007) (stating that FDCPA claims and RCPA claims are simply duplicates and "need not be addressed separately").

42. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendant is subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

## V.   **FACTUAL ALLEGATIONS**

43. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

44. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq.; the Michigan Regulation of Collection Practices Act (MRCPA), M.C.L. §445.241 et seq.; and the Michigan Occupational Code (MOC), M.C.L. §339.901 et seq., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

45. Further, Plaintiff brings this action for declaratory relief against Defendants following Defendant's negligent and fraudulent acts in failing to conduct a

thorough investigation of a disputed consumer debt, for failing to maintain records related to a client's account, and further providing inaccurate and false reporting of debts to third party credit reporting agencies, resulting in poor, false, and inaccurate credit reports under Plaintiff's personal information.

46. In or around April 2021, Plaintiff first discovered that Defendant Wells Fargo was reporting that Plaintiff had a debt owed to it, however this is false and inaccurate.

47. Plaintiff only discovered this information upon making application with First State Bank in the State of Michigan to re-finance his mortgage. Plaintiff was told that a private mortgage insurer ("PMI") would be required on the basis that Plaintiff had unpaid debt affecting his credit score. **Exhibit 1**.

48. Following this discovery, Plaintiff contacted Defendant Wells Fargo Bank and spoke with a representative to initiate investigation of fraud and identity theft, as well as close the accounts associated with his name and void any/all pending transactions.

49. Shortly thereafter, Plaintiff received written correspondence from Defendant indicating a pending investigation into the matter. The correspondence consisted of one page providing that their initial investigation produced no conclusions, determining the disputed transactions and management of the

disputed account(s) had been conducted entirely online, and the matter was sent to Defendant's Online Fraud Department. **Exhibit 2**.

50. On the same day Plaintiff received Defendant's May 11, 2021 correspondence regarding its initial investigation conclusions, Plaintiff received a confirmation of online payment to one of the accounts in which Plaintiff disputed and directed Defendant's to withhold and/or prevent any further activity to take place with the account. **Exhibit 3.**

51. Following the Defendant Online Fraud Department's investigation, Defendant concluded there was "no evidence to the contrary" that Plaintiff "received and activated the credit card in question, made payments to the account, or received benefit from the account," despite Plaintiff's consistent and persistence in disputing these accounts and transactions in their entirety, indicating at the very least, the address associated with the account application(s) was not Plaintiff's. **Exhibit 4.**

52. Since Defendant's closed their investigation, Plaintiff filed a complaint with the Macomb County Sheriff's Office, ultimately resulting in the Sheriff's Office requesting a search warrant of Defendant's records. **Exhibit 5.**

53. As a result of Plaintiff's complaint, Macomb County Sheriff, Mark Morfino, personally issued a search warrant on Defendants in September 2021. **Exhibit 6**.

54. In response to the subpoena, Wells Fargo claims it does not possess **any records** on file related to the account(s) or name listed in the subpoena. **See Exhibit 6**.

55. As a result of Defendant's insufficient investigation protocols in identifying the account applicant, and its mismanagement of its own client files, Plaintiff has suffered harm, and continues to be harassed via telephone on a regular and consistent basis regarding an alleged debt owed to Defendant Wells Fargo.

56. Plaintiff has regularly received phone calls from an unknown caller-ID demanding payment of the disputed debt allegedly owed to Defendant Wells Fargo.

57. Shortly after Plaintiff began receiving collection phone calls, Plaintiff's attorney notified Defendant via written correspondence that **Kirk, Huth, Lange, Badalamenti, PLC.,** represented Plaintiff and demanded that Defendant cease communication with Plaintiff. **Exhibit 7**. Plaintiff's counsel additionally demanded Defendant produce documents related to Plaintiff's alleged accounts with Defendant Wells Fargo Bank.

58. Despite the written communications, Defendant failed to respond or acknowledge receipt of **any** written correspondence and demands sent by Plaintiff's legal counsel.

59. As of the date and time of filing this complaint, Plaintiff continues to receive phone calls from Defendant's debt collectors despite the written communication directing cease attempts to contact Plaintiff and to send inquiries to Plaintiff's legal counsel.

60. As a result of the acts alleged above, Plaintiff suffered actual damages, including emotional distress, mental anguish, embarrassment, humiliation, and suffers from loss of sleep.

## VI.   FEDERAL STATUTORY VIOLATIONS / VIOLATIONS OF FAIR DEBT COLLECTIOIN PRACTICES ACT – 15 U.S.C. §1692 et seq.

## COUNT I: NEGLIGENT VIOLATION OF FDCPA IN FAILING TO VALIDATE DEBT BY DEFENDANT WELLS FARGO BANK, N.A.

61. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

62. On or around the end of April or early May 2021, following Plaintiff's discovery of his alleged debt owed to Defendant and associated bank accounts with Defendant's banking institution, Plaintiff immediately contacted Defendant to dispute the transactions and close the corresponding bank accounts.

63. On or around April 28, 2021 during a telephone conversation between Plaintiff and Defendant representative, Plaintiff disputed the accounts and

any/all transactions associated with the accounts, in its entirety, and further demanded the accounts be closed and any activity be ceased and/or flagged.

64. Following this communication between Plaintiff and Defendant representative, Plaintiff filed a claim of fraud with Defendant's fraud department to initiate an internal investigation. The Department concluded there was no evidence of fraud and closed its investigation. **Exhibit 4.**

65. Shortly following Plaintiff's receipt of Defendant's closed investigation notification, Plaintiff sought legal counsel on the matter. Plaintiff's counsel sent written correspondence to Defendant in regard to the disputed debt, possible identity theft and fraudulent activity in connection with the accounts serviced by Defendant. **Exhibit 7.**

66. Despite Plaintiff counsel's notification of legal representation and demand for documentation related to Plaintiff's alleged debt and accounts serviced by Defendant Wells Fargo Bank, **no communication or response was returned**, nor any confirmation of receipt of correspondence regarding legal representation.

67. Defendant failed to provide written validation of debts allegedly owed by Plaintiff as required by 15 U.S.C. §1692g when Defendant failed to properly and completely give the validation notice required under this statute.

68. As a direct and proximate cause of Defendant's failure of its statutory obligations under the FRCA, Plaintiff has suffered actual damages, including emotional distress, including mental anguish, suffering, humiliation, and embarrassment.

69. In addition, Plaintiff's emotional distress has resulted in physical harms of Plaintiff losing sleep, suffering stress headaches due to his worry and anxiety.

70. Defendant Wells Fargo Bank is liable to Plaintiff by reason of its violations of the FDCPA in an amount to be determined by the trier of fact together with reasonable attorney fees pursuant to 15 U.S.C. §1692k(a).

**WHEREFORE, PLAINTIFF** prays that this court grants his request for declaratory relief and enter judgment against Defendant Wells Fargo Bank, N.A. for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT II: WILLFUL VIOLATIONS OF FDCPA BY DEFENDANT WELLS FARGO BANK, N.A.

71. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

72. Despite Plaintiff's notification of legal representation to Defendant in numerous written communications in 2021, Defendant continued in its efforts

to collect on the past-due debt associated with the consumer-disputed accounts.

73. Plaintiff has regularly received telephone calls from a debt collector in connection with the alleged debt owed to Defendant on a daily-basis and in a persistent, harassing manner.

74. In numerous instances, in connection with the collection of debts, Defendant directly or indirectly, through the means described herein has attempted to collect amounts that were not authorized by the account holder, as identified in the Account Application and Agreement, nor were Defendant's authorized to contact Plaintiff after he disputed the alleged debt as created or permitted by law.

75. The FDCPA was enacted by Congress to prevent collectors from engaging in abusive deceptive, and unfair debt collection practices. 15 U.S.C. §1692(a), (e).

76. The continuous attempts to communicate with Plaintiff in connection with the disputed debt, after being notified that Plaintiff was represented by an attorney is violative of 15 U.S.C. §1692c(a)(2) and subsection (c).

77. In numerous instances, in connection with the collection of debts, Defendant directly or indirectly, through the means described herein has attempted to collect amounts that were not authorized by the account holder identified in

the agreement, nor were Defendant's authorized after Plaintiff disputed the alleged deb as created or permitted by law.

78. The acts alleged herein constitute unfair or unconscionable means to collect or attempt to collect debts, in violation of Sections 1692c (a)(2), (c), and Section 1692d (5).

79. As a direct and proximate cause of Defendant's failure of its statutory obligations under the FDCPA, Plaintiff has suffered actual damages, including emotional distress, including mental anguish, suffering, humiliation, and embarrassment.

80. In addition, Plaintiff's emotional distress has resulted in physical harms of Plaintiff losing sleep, suffering stress headaches due to his worry and anxiety.

81. Defendant Wells Fargo Bank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorney fees pursuant to 15 U.S.C. §1692k(a).

**WHEREFORE, PLAINTIFF** prays that this court grants his request for declaratory relief and enter judgment against Defendant Wells Fargo Bank, N.A. for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III: WILLFUL VIOLATIONS OF FDCPA BY DEFENDANT WELLS FARGO BANK, N.A.

82. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

83. Defendant has violated and continues to violate the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to the following:

   a. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e (9) by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a knowingly false, or reasonably should know of its falsity, a consumer-disputed debt using persistent and volatile communications breaching Plaintiff's privacy;

   b. Defendant's attempts to collect on the knowingly false debt and violation of 15 U.S.C. §1692d with conduct described above that harasses and abuses the Consumer-Plaintiff;

   c. The Defendant communicated to third parties and the world in generating false reports of credit by including the disputed consumer debt and thereby permitting credit reporting agencies to generate false and inaccurate and misleading reports of Plaintiff's credit score in violation of 15 U.S.C. §1692e(9).

84. As a direct and proximate cause of Defendant's failure of its statutory obligations under the FDCPA, Plaintiff has suffered actual damages, including emotional distress, including mental anguish, suffering, humiliation, and embarrassment.

85. In addition, Plaintiff's emotional distress has resulted in physical harms of Plaintiff losing sleep, suffering stress headaches due to his worry and anxiety.

86. Defendant Wells Fargo Bank is liable to Plaintiff by reason of its violations of the FDCPA in an amount to be determined by the trier of fact together with reasonable attorney fees pursuant to 15 U.S.C. §1692k(a).

**WHEREFORE, PLAINTIFF** prays that this court grants his request for declaratory relief and enter judgment against Defendant Wells Fargo Bank, N.A. for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## VII. STATE OF MICHIGAN STATUTORY VIOLATIONS / VIOLATIONS OF MICHIGAN REGULATION OF COLLECTION PRACTICES ACT, MCL 445.251 et seq. AND MCL 339.901 et seq.

### COUNT IV – WILLFUL VIOLATIONS OF MRCPA BY DEFENDANT WELLS FARGO BANK, N.A.

87. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

88. The MRCPA or ("RCPA"), "prohibits abusive collection efforts[...]with respect to obligations arising out of a `purchase made primarily for personal, family, or household purposes.'" *Levant v. Am. Honda Fin. Corp.*, 356 F.Supp.2d 776, 782 (E.D.Mich.2005) (quoting M.C.L. § 445.251(a)).

89. Plaintiff maintains a private right of action to seek actual damages or to obtain civil fines in the event of a "willful violation." M.C.L. § 445.257.[1]

90. Defendant is in violation of MRCPA pursuant to M.C.L. § 445.251 et seq., including, but not limited to the following:

    a. Defendant's conduct in making inaccurate, misleading, untrue, or deceptive statements in communication to collect a debt, pursuant to M.C.L. § 445.252;

    b. Defendant's misrepresenting the legal rights of the creditor or debtor;

    c. Defendant's persistent and continuous means of collecting the disputed debt by harassing, oppressive, or abusive debt collection method. M.C.L. § 445.252.

91. In numerous instances, in connection with the collection of debts, Defendant directly and indirectly, through the means described herein has attempted to

---

[1] ***M.C.L. § 445.257. Actions by persons suffering injury, loss, or damage; damages, fines, fees, and costs.***
(1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief.
(2) In an action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a willful violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action.

collect debts in various amounts, which were, and continue to be disputed in their entirety by Plaintiff since the date of discovery.

92. Plaintiff has disputed the accounts and debts identified herein directly to Defendant on the basis that Plaintiff identified the fraudulent use of his name and personal information in signing an account initiation agreement, binding Plaintiff in financial obligations to Defendant Wells Fargo Bank, thereby creating the alleged and disputed debt.

93. Defendant's conduct and actions alleged herein constitute abusive, harassment, and unfair or unconscionable means to collect or attempt to collect debts, in violation of MRCPA.

94. As a result of Defendant's violations of the MRCPA, Plaintiff suffered actual damages, including emotional distress, and is also entitled to an award of statutory damages, costs, and attorney fees.

95. As a direct and proximate cause of Defendant's failure of its statutory obligations under the MRCPA, Plaintiff has suffered actual damages, including emotional distress, including mental anguish, suffering, humiliation, and embarrassment.

96. In addition, Plaintiff's emotional distress has resulted in physical harms of Plaintiff losing sleep, suffering stress headaches due to his worry and anxiety.

97. Defendant Wells Fargo Bank is liable to Plaintiff by reason of its willful violations of the MRCPA in an amount to be determined by the trier of fact together with costs and reasonable attorney fees, pursuant to M.C.L. § 445.257.

**WHEREFORE, PLAINTIFF prays** that this court grants his request for declaratory relief and enter judgment against Defendant Wells Fargo Bank, N.A. for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE BY DEFENDANT WELLS FARGO BANK, N.A.

98. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

99. Defendant is in violation of the MOC pursuant to MCL 339.901, et seq. Defendant's violations include, but are not limited to, the following:

   a. Defendant's failure to properly and completely give the validation notice required by MCL 339.918, and further in violation of subsection (2) following written communication(s) sent by Plaintiff's legal counsel to Defendant disputing the debt;

26

b. Defendant's misrepresentations in its communications with debtor of the legal rights of the creditor or the debtor in violation of MCL 339.915(f)(ii);

c. Defendant's communication with Plaintiff after being notified that Plaintiff was represented by an attorney violates MCL 339.915(h);

d. Defendant's conduct in attempting to collect the disputed debt from Plaintiff in violation of MCL 339.915(n);

e. Defendant's negligence in failing to preserve and make accessible books, accounts and records under section 910(2), (4).[2]

100.    Despite Plaintiff's consistent and persistence in his attempts to notify, dispute and dispel the fraudulent and inaccurate debt with Defendant's institution, Defendant's refusal to thoroughly investigate the fraudulent activity and going further as to report the inaccurate debt to third party credit reporting agencies, has resulted in grave injury to Plaintiff.

---

[2] Sec. 910. (1) A collection agency shall keep and use books, accounts, or records that the department requires to determine whether the collection agency is complying with this article and the rules promulgated under this article. These books, accounts, and records shall include at least all of the following: (a) Permanent records that show the chronological sequence in which money is received and disbursed. For money received, the record shall include the date of receipt and deposit, the number of the account to which it is deposited, the name of the debtor, the name of the principal, and the amount. For disbursements, the record shall include the date, the payee, the check number, and the amount, with a corresponding debtor reference.
(b) For an agency licensee, all of the following:
(i) Records or books of accounts that include the account of each client in alphabetical order according to the names of the clients.
 […]
(2) A collection agency shall preserve the books, accounts, and records described in subsection (1) and make them or true copies of them accessible to the department for at least 3 years after making the final payment entry on an account recorded in those books, accounts, and records.

101.    When Defendant closed the investigation for fraudulent activity related to the accounts disputed by Plaintiff and have since remained silent in response to any communications and requests for documentation on behalf of Plaintiff, Defendant continues to violate MOC.

102. Following Defendant's lack of response to Plaintiff's requests, in or around September 2021, Macomb County Sherriff, Mark Morfino personally served Defendant with a search warrant for records related to the accounts allegedly opened by Plaintiff. **Exhibit 6.**

103. In response to the subpoena, Defendant Wells Fargo claimed it did not possess **any** records related to the account(s) listed, nor associated with Plaintiff's name as listed in the subpoena and on the account statements received by Plaintiff via mail. **Exhibit 6**.

104. As a result of Defendant's negligence in maintaining records as required by M.C.L. § 339.910, and failure to produce documentation pursuant to a search warrant, Plaintiff continues to endure damages and continues to be harmed.

105. As a direct and proximate cause of Defendant's willful violations of its statutory obligations under the MOC, Plaintiff has suffered actual damages, including emotional distress, including mental anguish, suffering, humiliation, and embarrassment.

106. In addition, Plaintiff's emotional distress has resulted in physical harms of Plaintiff losing sleep, suffering stress headaches due to his worry and anxiety.

107. Defendant Wells Fargo Bank is liable to Plaintiff by reason of its willful violations of the MRCPA in an amount to be determined by the trier of fact together with costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2).

## COUNT VI – REQUEST FOR DECLARATORY RELIEF AGAINST DEFENDANT WELLS FARGO BANK, N.A.

108. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

109. This is a case of actual controversy between Plaintiff and Defendant Wells Fargo Bank, N.A., within the jurisdiction of this Court regarding Wells Fargo's operations and means of collecting debts as provided for by MCR 2.605.

110. Pursuant to MCR 2.605, this Court is conferred with the authority to declare the rights and other legal relations of interested parties.

111. Due to the Defendant's actions, Plaintiff has incurred damages to his well-being, reputation, and financial status and continues to be endure harm as

this matter remains pending, paying the costs and fees for attorney representation and the filing of this Complaint.

112. Declaratory relief is necessary to establish Defendant's liability and obligation to produce requested documentation, discharge the disputed debt in connection with Plaintiff's identity theft, and further notify any/all third-party credit reporting agencies reflecting the fraudulent debt against Plaintiff.

113. Pursuant to MCR 2.605, Plaintiff requests that this Court declare the rights of the parties with respect to the instant controversy.

114. Pursuant to the equitable and injunctive powers instilled in this Court, Plaintiff requests an order for injunctive and equitable relief pursuant to M.C.L. § 445.257(1) and M.C.L. §339.916.

**WHEREFORE**, Plaintiff requests this Court grant judgment in favor of Plaintiff, hold Defendants in violation of FDCPA for its failure to validate Plaintiff's debt and for its unfair and unconscionable means to collect a consumer-disputed debt, and to award Plaintiff actual damages, costs and attorney's fees, and hold Defendant's liable under the Act. Plaintiff further requests this Court issue an Order declaring, but not limited to, the following:

A. Plaintiff is not liable for the alleged debt reported by Defendant Wells Fargo;

B. Plaintiff is not responsible to clear the debt alleged by Defendant;

C. Defendant is to discharge the debt subject of this action;

D. Third-Party Credit Reporting Agencies Experian, TransUnion, Equifax, and any other agencies that reflect this false debt, are to correct its' reports to accurately reflect Plaintiff's credit score;

E. Defendant is in violation of Federal Debt Collections Practices Act;

F. Defendant is in violation of Michigan Regulation of Collection Practices Act and Michigan Occupational Code; and

G. Defendant must release any/all documentation related to Plaintiff's accounts with its institution;

H. Actual damages and statutory damages of $20,000 pursuant to the FDCPA

I. Treble damages or $150, whichever is greater, pursuant to the MRCPA;

J. Treble damages or $150, whichever is greater, pursuant to the MOC;

K. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k, M.C.L. 445.257, and M.C.L. 339.916(2); and

L. Any other such relief the Court deems appropriate.

Respectfully Submitted,

KIRK, HUTH, LANGE & BADALAMENTI, PLC

/s/ Patrick S. McKay

PATRICK S. MCKAY (P72106)

Dated: May 18, 2022                     Attorneys for Plaintiff
                                        19500 Hall Road, Suite 100
                                        Clinton Township, MI 48038
                                        (586) 412-4900
                                        pmckay@KirkHuthLaw.com

## **PROOF OF SERVICE**

The undersigned certifies that on the above date he electronically filed the foregoing document with the Clerk of the Court using the Macomb County MiFiling E-File & Serve System, which will send such filing to opposing Counsel of Record.

*/s/Patrick S. McKay*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


Sebastian Lucido,
        Plaintiff,

v                          Civil Action No. 2:22-cv-11082
                          Judge

Wells Fargo Bank, N.A.,
        Defendant.

_____/

KIRK, HUTH, LANGE &
BADALAMENTI, PLC.
By: PATRICK S. MCKAY (P72106)
    VICTORIA L. PADULA (P85766)
Attorneys for Plaintiffs
19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900
pmckay@KirkHuthLaw.com
vpadula@KirkHuthLaw.com

_____/

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, SEBASTIAN LUCIDO (hereinafter referred to as "Lucido" or "Plaintiff") by and through counsel, KIRK, HUTH, LANGE & BADALAMENTI, PLC, and hereby makes a demand for trial by jury in the above captioned matter.

Respectfully Submitted,

KIRK, HUTH, LANGE & BADALAMENTI, PLC

/s/ *Patrick S. McKay*

PATRICK S. MCKAY (P72106)

Dated: May 18, 2022

Attorneys for Plaintiff
19500 Hall Road, Suite 100
Clinton Township, MI 48038
(586) 412-4900
psmckay@KirkHuthLaw.com

## PROOF OF SERVICE

The undersigned certifies that on the above date he electronically filed the foregoing document with the Clerk of the Court using the Macomb County MiFiling E-File & Serve System, which will send such filing to opposing Counsel of Record.

/s/*Patrick S. McKay*

34

*Exhibit 1*

https://usa.experian.com/acr/printReport?type=CDI



| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Nov 2020 | $0 | $0 | $0 |

**Additional info**

Between Nov 2020 and Mar 2021, your credit limit/high balance was $11,000

**Contact Info**

Address
PO BOX 14517,
DES MOINES, IA 50306

Phone Number
(800) 642-4720

**Comment**

**Current:**

Account closed at credit grantor's request.

**Previous:**

None

*Handwritten annotations:* Claim #; Claims Dept; 5/6/21 closed acct; do it corrected on credit reports; credit card dept (800) 642-4720; Got full card #; Call 4/28/21; Fraud protection; Lisa #Alex; Password Vinnie 01; (800) 723-5533; (586) How 477-1204; 14541 Bournemouth; Shelby Twp 48315

**Public Records**

Information gathered from courts or other government agencies about legal matters associated with you. The most common *Public Records* are bankruptcies, tax liens, and monetary judgments.

**No public records reported.**

**Hard Inquiries**

Hard inquiries are requests for your consumer information based on an action or process initiated by you generally related to a credit or other monetary obligation, such as when you apply for credit, rental property, or utility service, or default on a loan causing it to be sent to a collection agency. Hard inquiries are displayed to companies that receive your consumer report and may stay on your report at least two years.

4/27/2021, 12:04 PM

*Exhibit 2*



**WELLS FARGO**

**Claims Assistance Center
Online Fraud Claims**
PO Box 5106
Sioux Falls, SD 57117-5106
www.wellsfargo.com

May 11, 2021

SEBASTIAN LUCIDO
36236 FARMBROOK DR
CLINTON TOWNSHIP, MI 48035-1508

Subject: Case Number: 254032669

Dear SEBASTIAN LUCIDO:

We have completed our review of your claim regarding an unauthorized online transfer from your credit card number ending in 6186 to checking account number ending in 4165. We are unable to reverse the online transfer because doing so would cause your account to be overdrawn. Therefore, no adjustment will be made.

If you would like to reverse this transfer in the future, please call us at 1-877-499-6920 to process this reversal or initiate another transfer once your account has sufficient funds to reverse the transfer.

The transaction previously deducted from your account is:

| Transaction Date | Account | Amount | Transaction Type | Description |
| --- | --- | --- | --- | --- |
| 2021-01-06 | XXXXXXXXXXX6186 | $9,900.00 | Online Transfer | To Related Account |

Accounts that earned interest and/or incurred fees as a result of the unauthorized activity will be adjusted appropriately.

For the protection of your online access and account information, please visit https://www.wellsfargo.com/privacy-security/fraud.

If you have any questions, please call us Monday ? Friday, 7:00 a.m. to 12:00 a.m. or Saturday, 8:00 a.m. to 8:00 p.m., Eastern Time, at 1-877-499-6920. We can provide language assistance services, if you prefer.

Thank you. We appreciate your business.

Sincerely,

Claims Assistance Center
Online Fraud Claims



*Exhibit 3*



**WELLS FARGO CARD SERVICES**
P.O. BOX 10347
DES MOINES, IA 50306

*IP #1595096*

*Phone call 5/19/21 Jarrid*
*10:10 Am*

May 11, 2021

SEBASTIAN LUCIDO
36236 FARMBROOK DR
CLINTON TOWNSHIP MI 48035-1508

A00020840
S105

*will fax Matt B*
*a letter*
*new balance*
*w/ Wells Fargo*

① *Save up*
② *1158*
③ *3353*

‖·‖‖·‖‖·‖·‖·‖‖·‖‖·‖·‖‖·‖·‖·‖·‖·‖·‖·‖

Subject: Confirming the one-time electronic payment for your account ending in 6186

Dear Sebastian Lucido:

We want to let you know that on 4/21/2021 we received your authorization for an electronic payment of $725.00 payable on 5/21/2021 from the deposit account or debit card ending in 3353.

If you wish to cancel this authorization, please contact us at the number below at least one business day before the date your electronic payment is scheduled.

**What you need to know**

* Federal Reserve Board Regulation D limits the number of certain types of withdrawals and transfers from a savings or money market account to six per monthly statement period.

* If the automatic payment above is from your savings account, it will count toward this federal limit on monthly withdrawals. You may be charged a fee for each transaction over the limit. Please see your savings account agreement for additional details.

* Please note that if any transactions you authorize are returned, we may cancel future payments.

* For future payments, you have the option of making a payment online 24 hours a day, 7 days a week, by visiting wellsfargo.com or on your mobile device at wf.com.

If you have questions, please call us at 1-800-988-8019, Monday through Thursday from 7:00 a.m. to 10:00 p.m., Friday from 7:00 a.m. to 7:00 p.m., or Saturday and Sunday from 8:00 a.m. to 4:30 p.m. Central Time. For customers with hearing or speech disabilities, we accept telecommunications relay calls.

Thank you. We appreciate your business.

Wells Fargo Card Services

*Exhibit 4*

**WELLS FARGO**

CLAIMS AND RECOVERY
CREDIT CARD FRAUD CLAIMS
P.O. BOX 563966
CHARLOTTE, NC 28256-3966

May 28, 2021

SEBASTIAN LUCIDO
36236 FARMBROOK DR
CLINTON TOWNSHIP MI 48035-1508

A00057424

S105

Subject: Resolution of claim for your Wells Fargo credit card account ending in 1158

Dear Sebastian Lucido:

We have completed our research of your claim about unauthorized transactions on your Wells Fargo credit card account. We found that no fraud occurred, or that the transactions were authorized.

**What you need to know**

We conducted a reasonable investigation and the evidence shows that you received and activated the credit card, made payments to the account, or received benefit from the account.

Any temporary credit you may have received will be reversed and the amount will be reapplied to your balance. You will see the change reflected on your billing statement.

If you have questions, or you would like to request copies of the supporting documentation used in our research, please call us at 1-800-423-7618, Monday - Friday, 6:00 a.m. to 11:00 p.m. Central Time. For customers with hearing or speech disabilities, we accept telecommunications relay service calls.

Thank you. We appreciate your business.

Sincerely,

Claims and Recovery
Credit Card Fraud Claims

*Exhibit 5*



## Macomb County Sheriff's Office
### CASE REPORT

CASE# **2021-00076515**

| EVENT | | | |
|---|---|---|---|
| REPORTED DATE/TIME **08/03/2021     10:58** | OCCURRED INCIDENT TYPE **FRAUD-ID THEFT** | | |
| OCCURRED FROM DATE/TIME **08/02/2021     08:00** | OCCURRED THRU DATE/TIME **08/02/2021     08:00** | LOCATION OF OCCURRENCE **36236 FARMBROOK DR CLINTON TOWNSHIP, MI  48035** | |

### OFFENSES

| | | STATUTE/DESCRIPTION | COUNTS | ATTEMPT/COMMIT |
|---|---|---|---|---|
| 01 | | **2609** **FRAUD - IDENTITY THEFT** | **1** | **COMPLETED** |
| | | | | |
| | | | | |
| | | | | |

### SUBJECT

| JACKET/SUBJECT TYPE **Adult      Victim** | NAME (LAST, FIRST, MIDDLE  SUFFIX) **LUCIDO, SEBASTIAN,** | | |
|---|---|---|---|
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) **36236 FARMBROOK DR   CLINTON TOWNSHIP, MI  48035** | |
| RACE **WHITE** | SEX **MALE** | HEIGHT or RANGE          WEIGHT or RANGE          HAIR | EYE |
| DL NUMBER/STATE | PRIMARY PHONE | PHONE #2 | PHONE #3 |
| SCHOOL/EMPLOYER | | PLACE OF BIRTH | MAIDEN NAME |

### SUBJECT

| JACKET/SUBJECT TYPE **Adult      Suspect** | NAME (LAST, FIRST, MIDDLE  SUFFIX) **2021-00076515, UNKNOWN,** | | |
|---|---|---|---|
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | |
| RACE **UNKNOWN** | SEX **UNKNOWN** | HEIGHT or RANGE          WEIGHT or RANGE          HAIR | EYE |
| DL NUMBER/STATE | PRIMARY PHONE | PHONE #2 | PHONE #3 |
| SCHOOL/EMPLOYER | | PLACE OF BIRTH | MAIDEN NAME |

### SUBJECT

| JACKET/SUBJECT TYPE **Adult      Person Intvw** | NAME (LAST, FIRST, MIDDLE  SUFFIX) **HOLLIS, LAURA, PATRICE** | | |
|---|---|---|---|
| DOB **01/16/1990      31** | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) **6690 QUEEN MILL RD   MABLETON, GA  30126** | |
| RACE **BLACK** | SEX **FEMALE** | HEIGHT or RANGE          WEIGHT or RANGE          HAIR | EYE |
| DL NUMBER/STATE | PRIMARY PHONE **Mobile** **(706)332-7663** | PHONE #2 | PHONE #3 |
| SCHOOL/EMPLOYER | | PLACE OF BIRTH | MAIDEN NAME |

| REPORTING OFFICER **21 / Morfino, Mark** | DATE **12/01/2021** | REVIEWED BY **Morfino, Mark** | **12/06/2021** |
|---|---|---|---|



**Macomb County Sheriff's Office**
CASE REPORT

CASE# **2021-00076515**

| NARRATIVE |
| --- |

**ORIGIN:**

On 8/2/21, I received information from D/Lt. Gornicki that I had been assigned an Identity Theft complaint. The victim was identified as Lucido and I scheduled an interview with Lucido for 8/3/21.

**INFORMATION:**

Lucido reported he had a conversation with his banking institution in April 2021 regarding his private mortage insurance and was informed he had outstanding balances on his Wells Fargo accounts. Lucido contacted Wells Fargo on April 28, 2021 and confirmed there were outstanding accounts under his name. Lucido advised Wells Fargo he did not open any of the accounts or authorize any transactions. Wells Fargo advised Lucido they would open a fraud investigation regarding the accounts. Wells Fargo provided documentation reference the accounts and Lucido obtained the following information:

- On 1/16/21 there was an online transfer of $9,900.00 from an account number ending 6186 to a related account.

- Account #4465420515551158 showed an outstanding balance of $10,026.00.

- Account #44655420534737408 showed an outstanding balance of $10,065.00.

On May 28, 2021 Wells Fargo denied Lucido's fraud claim and on June 2, 2021 Wells Fargo indicated they would not adjust Lucido's credit report.

**WELLS FARGO SEARCH WARRANT:**

On 8/6/21, I authored a search warrant and the search warrant was granted by Magistrate McGrail of the 41B District Court Clinton Township. The search warrant was forwarded to Wells Fargo and I received a response from Wells Fargo on 9/16/21 that they had no record of the above accounts. I contacted Wells Fargo via telephone and they advised they required additional verbiage to process my request. I authored a second search warrant on 9/16/21 and the search warrant was again granted by Magistrate McGrail. I received the requested documents from Wells Fargo on 10/19/21.

**WELLS FARGO DOCUMENTS:**

I conducted a review of the documents and Wells Fargo provided bank statements and I.P. addresses associated

| REPORTING OFFICER<br>21 / Morfino, Mark | DATE<br>12/01/2021 | REVIEWED BY<br>Morfino, Mark | 12/06/2021 |
| --- | --- | --- | --- |



## Macomb County Sheriff's Office
### CASE REPORT

CASE# **2021-00076515**

---

### NARRATIVE (continuation)

with the accounts.

The bank statement for account #44654220515551158 listed Lucido as the account holder and an address of 36236 Farmbrook Dr., Clinton Township, MI. I was unable to obtain any other useful information from the statement.

The bank statement for account 44655420534737408 again listed Lucido as the account holder and an address of 36236 Farmbrook Dr., Clinton Township, MI. I was unable to obtain any other useful information from the statement.

The bank statement for account # ending 6186 listed Lucido as the account holder, but listed an address of 6690 Queen Mill Road SE, Mableton GA 30126-4520. This address is not affiliated with Lucido in any manner. I was unable to obtain any other useful information from the statement.


**FOLLOW UP 6690 QUEEN MILL ROAD SE, GA:**

The bank statement for account # ending 6186 listing 6690 Queen Mill Road SE as a billing address and was dated for 2020 through 2021. I conducted a search of the address using LEIN and CLEAR and noted numerous individuals that had been listed at the above address.

I contacted the Cobb County Police Department in Georgia and requested any law enforcement contact information at the above address. The Cobb County Police indicated the only contact at the address was dated 4/28/19 and I obtained a copy of incident report #19-038575. The report documented a criminal complaint, it listed a Laura Hollis and Terrance Coleman in the report, and Hollis was listed as residing at the location. I contacted Hollis via telephone and confirmed she previously resided at the address in 2019. I asked Hollis if she ever recalled receiving any Wells Fargo Bank statements in the mail and she stated she did not. Hollis indicated she did remember receiving mail for a previous tenant which she sent back to her local post office, but none of mail was addressed to Lucido. Hollis was cooperative and did not appear to have any involvement in the incident.


**I.P. ADDRESSES:**

I compiled the list of I.P. addresses obtained from Wells Fargo and they were forwarded to D/Sgt. LePage of the Macomb Area Computer Enforcement Unit. (M.A.C.E.) D/Sgt. LePage reviewed the I.P. addresses and indicated most of the I.P. addresses appeared to be run through a V.P.N. (Virtual Private Network) which were untraceable. D/Sgt. LePage also stated the I.P. addresses were routed to the RIPE network (European servers) and the LAGOS network (Asian servers). D/Sgt. LePage determined this activity was consistent with individuals using TOR browsers otherwise known as the "Dark Web." D/Sgt. LePage speculated Lucido's information was probably captured on the "Dark Web" and subsequently sold to other unidentified individuals. D/Sgt. LePage advised two of the following I.P.

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| 21 / Morfino, Mark | 12/01/2021 | Morfino, Mark | 12/06/2021 |



**Macomb County Sheriff's Office**
CASE REPORT

CASE# **2021-00076515**

---

**NARRATIVE (continuation)**

addresses were the most viable options for identification purposes due to the dates:

- (1/11/21 @ 19:08:48 hours) 54.88.202.28
- (6/17/20 @ 17:50:05 hours) 174.218.10.58

I conducted a search using the American Registry for Internet Numbers and determined the above listed I.P. addresses were affiliated with Amazon and Verizon.


**VERIZON:**

I authored a search warrant on 10/26/21 and the search warrant was granted by Magistrate McGrail of the 41B District Court Clinton Township. The search warrant was forwarded to Verizon and I received a response on 10/29/21. Verizon indicated they only maintain I.P. records for one year and the information had been purged from their system.


**AMAZON:**

I authored a search warrant on 10/26/21 and the search warrant was granted by Magistrate McGrail of the 41B District Court Clinton Township. I received a response from Amazon on 11/11/21 via their law enforcement portal and they requested the search warrant to be accompanied by departmental letterhead. The request required a second search warrant, a second search warrant was drafted, and was granted by Magistrate McGrail. The search warrant was forwarded to Amazon on 11/12/21.

I received the documents from Amazon on 11/22/21 and conducted a review. Amazon was unable to provide any useable information.


**PLAID.COM:**

The documents provided by Amazon did identify a customer linked with the I.P. address as Plaid.com. I contacted Plaid.com and spoke with an Albert Lee. Lee explained his company was an A.P.I. (Application programming interface) responsible for retrieving account and routing numbers when users connect their checking or savings accounts using bank credentials. Lee stated his company would need the consumer's login/user information for their financial institution to potentially search for any further records. I did not receive any information during the course of my investigation related login/user names.

---

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| 21 / Morfino, Mark | 12/01/2021 | Morfino, Mark | 12/06/2021 |



**Macomb County Sheriff's Office**
CASE REPORT                  CASE# **2021-00076515**

---

**NARRATIVE (continuation)**

---

**DISPOSITION:**

 D/Sgt. LePage indicated she was familiar with the methods employed by the individual or individuals responsible for the activity and in the majority of the cases the activity originates outside of the continental United States. D/Sgt. LePage reviewed the documents obtained and stated it was highly unlikely to identify any individual or individuals responsible and suggested the case be closed.

I contacted Lucido, he was provided the details of my investigation, and informed the case will be closed. (All documents attached)

---

| REPORTING OFFICER 21 / Morfino, Mark | DATE 12/01/2021 | REVIEWED BY Morfino, Mark | 12/06/2021 |
|---|---|---|---|



*Exhibit 6*



Summons and Subpoenas Department
PO Box 29728 S4001-01F
Phoenix, AZ 85038
Voice: (480)724-2000

## BUSINESS RECORDS DECLARATION

I, Isis Velasquez, am over the age of eighteen and I declare that I am employed by Wells Fargo Bank, N.A. ("Wells Fargo") in the Summons and Subpoenas Department and am a duly authorized and qualified witness to certify the authenticity of the attached documents and/or information produced pursuant to the legal order.  Wells Fargo reserves the right to designate another Custodian as it deems appropriate in the event an actual appearance is required concerning the records produced.   I certify that the attached records:

A)   Were prepared by personnel of Wells Fargo in the ordinary course of business at or near the time of the acts, conditions or events described in the records; and

B)   It was the ordinary course of business for Wells Fargo employees or representatives with knowledge of the act, event, or condition recorded to make the record or transmit the information therein to be included in such record.

C)   The records attached are true and correct copies of the business records as maintained by Wells Fargo.

**The records produced are described as follows:**

Case number: 25605230

| Document Type | Account # | Paper Count | Total Copies |
|---|---|---|---|
| Note to Client | | 0 | 0 |
| Unable to locate account 4465420515551158, 4465420534737408, and 6186 as they are not accounts. | | | |
| | | **Total Copies Delivered:** | **0** |

**Additional comments:**

The bank's standard record retention period is seven years.

I declare under penalty of perjury under the law(s) of the state of Michigan that the foregoing is true and correct according to my knowledge and belief.   Executed on this 16th day of September, 2021, in the City of Tempe, State of ARIZONA.

_Isis Velasquez_
Subpoena Processing Representative

Image copies of requested transactions may be missing for the following reasons:  Items not imaged, corrupted, blank, damaged, destroyed or not available, item(s) piggy-backed, electronic transaction(s).  If the legal order requests certain types of loan information and other non-depository information, it was forwarded to other departments and they will respond to you directly.

Case No: 25605230; Agency Case No: 7651521



# ANTHONY M. WICKERSHAM

# OFFICE OF THE SHERIFF

**ELIZABETH J. DARGA**
**UNDERSHERIFF**

Wells Fargo Bank
Attn: Summons and Subpoenas Department
Case # 25605230

I recently submitted a search warrant for records and received a response from Wells Fargo on 9/16/21. Your records indicated you were unable to locate any information for the (3) account numbers requested.

I am investigating an identity theft case, my victim reported accounts with Wells Fargo have been opened in his name, and my victim has filed a claim with your bank. (Claim # 254032669)  My search warrant requested any information related to my victim's name of **Sebastian Lucido** as well as the account numbers. Please send the additional information requested as soon as possible.

*D/Sgt. Mark Morfino*

D/Sgt. Mark Morfino
Detective Bureau
Macomb County Sheriff's Office

*Exhibit 7*

TRANSMISSION VERIFICATION REPORT

```
TIME   : 07/07/2021 14:16
NAME   : KIRK & HUTH,P.C.
FAX    : 1-586-412-4949
TEL    :
SER.#  : BROA8J767438
```

```
DATE,TIME          07/07  14:16
FAX NO./NAME       18773026157
DURATION           00:00:44
PAGE(S)            03
RESULT             OK
MODE               STANDARD
                   ECM
```

19500 Hall Road, Suite 100
Clinton Township, MI 4803 8
Ph: (586) 412-4900
Fax: (586) 412-4949



KIRK, HUTH, LANGE &
BADALAMENTI, PLC

# Facsimile

| To: | Wells Fargo Dispute Resolution | From: Bob Kirk |
|-----|-----|-----|

| Fax: | 877-302-6157 | Date: | Wednesday, July 07, 2021 |

| Re: | Dispute #115262213 | Pages: | 2 | to follow |

☐ Urgent    For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

•Comments:



ROBERT W. KIRK *
ROBERT S. HUTH, JR.
CRAIG W. LANGE
RAECHEL M. BADALAMENTI
MARYANNE J. DENEWETH
MICHAEL C. TAYLOR
ROSEMARY V. DAVIS
PATRICK S. MCKAY
ELIZABETH P. ROBERTS
ROBERT T. CAROLLO, JR.
RYAN J. L. FANTUZZI **
MICHAEL J. PETRUS

\* Also Member of Florida Bar
\*\*Also Member of Virginia Bar

19500 HALL ROAD
SUITE 100
CLINTON TOWNSHIP, MICHIGAN 48038
(586) 412-4900

**www.KirkHuthLaw.com**

<u>FLORIDA OFFICE</u>

1048 GOODLETTE-FRANK RD.
SUITE 202
NAPLES, FL  34102

WRITER'S E-MAIL:  **rkirk@kirkhuthlaw.com**
FACSIMILE: (586) 412-4949

July 7, 2021

Via Fax: 877-302-6157

Wells Fargo Credit Bureau Dispute Resolution
PO Box 14517
Des Moines, IA 50306

### RE: Dispute ID Number 115262213

To Wells Fargo:

I forwarded the following letter to you via regular mail a few weeks ago. I have not received a response to it.

At this time would request your prompt attention, acknowledge its receipt and forward the requested documentation.

Thank you for your anticipated cooperation.

Very Truly Yours,

KIRK, HUTH, LANGE & BADALAMENTI, PLC

Robert W. Kirk



ROBERT W. KIRK *
ROBERT S. HUTH, JR.
CRAIG W. LANGE
RAECHEL M. BADALAMENTI
MARYANNE J. DENEWETH
MICHAEL C. TAYLOR
ROSEMARY V. DAVIS
PATRICK S. MCKAY
ELIZABETH P. ROBERTS
ROBERT T. CAROLLO, JR.
RYAN J. L. FANTUZZI **
MICHAEL J. PETRUS

* Also Member of Florida Bar
**Also Member of Virginia Bar

19500 HALL ROAD
SUITE 100
CLINTON TOWNSHIP, MICHIGAN 48038
(586) 412-4900

**www.KirkHuthLaw.com**

FLORIDA OFFICE

1048 GOODLETTE-FRANK RD.
SUITE 202
NAPLES, FL  34102

WRITER'S E-MAIL:  rkirk@kirkhuthlaw.com
FACSIMILE: (586) 412-4949

June 18, 2021

Wells Fargo Credit Bureau Dispute Resolution
PO Box 14517
Des Moines, IA 50306

**RE: Dispute ID Number 115262213**

To Wells Fargo:

Please be advised that this office represents Sebastian Lucido. This letter is in regard to his account ending in 7408 with the Dispute ID Number referenced above.

Our client's account was compromised with a large unauthorized charge. He requested an investigation and you have completed it and closed the file.

At this time, we would DEMAND the following:
1) Stop all direct communication with our client.
2) Provide any and all supporting documentation that you utilized with regard to your determination.

Thank you for your anticipated cooperation.

Very Truly Yours,

KIRK, HUTH, LANGE & BADALAMENTI, PLC

Robert W. Kirk